**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **ERIC FERRELL, On Behalf of Himself and All Others Similarly Situated,** )<br><br>*Plaintiff*, )<br><br>**v.** )<br><br>**THE WOODLANDS KIRBY'S, LLC, KIRBY'S STEAKHOUSE – THE WOODLANDS, LTD., SOUTHLAKE KIRBY'S, LLC, KIRBY'S STEAKHOUSE – SOUTHLAKE, LTD., SAN ANTONIO KIRBY'S, LLC, GREENVILLE KIRBY'S LLC, MMSH-OKC, LLC, MICKEYS & KIRBYS LP, and MK GENERAL PARTNER LLC,** )<br><br>*Defendants*. ) | **COLLECTIVE ACTION**<br><br>**CASE NO. _____4:22-cv-3350_____**<br><br>**JUDGE _____**<br><br>**JURY DEMAND** |

## COLLECTIVE ACTION COMPLAINT

### I.  INTRODUCTION

1.      Plaintiff Eric Ferrell ("Plaintiff") brings this action against Defendant The Woodlands Kirby's, LLC, Kirby's Steakhouse – The Woodlands, Ltd., Southlake Kirby's, LLC, Kirby's Steakhouse – Southlake, Ltd., San Antonio Kirby's, LLC, Greenville Kirby's LLC, MMSH-OKC, LLC, Mickeys & Kirbys LP, and MK General Partner LLC (collectively, "Defendants" or "Kirby's") to recover unpaid minimum and overtime wages, unlawfully retained tips, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Plaintiff asserts his FLSA claims as a collective action, pursuant to 29 U.S.C. § 216(b).

2.      Defendants own and operate restaurants in Texas and Oklahoma under the names Kirby's Prime Steakhouse and Mickey Mantle's Steakhouse. Plaintiff and those he seeks to

1

represent worked as tipped employees at one or more of the restaurants. Defendants pays tipped employees a tipped hourly wage less than the statutory $7.25 per hour minimum wage (and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek) and rely on the "tip credit" provisions of the FLSA to satisfy their statutory minimum wage obligations. However, Defendants also require employees to share tips in a manner that violates the "tip credit" provisions of the FLSA. Specifically, Defendants violate the FLSA by requiring tipped employees to share tips with their employer and management employees, in violation of 29 U.S.C. § 203(m)(2)(B), which states that "[a]n employer may not keep tips received by their employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips . . . ."

3.      As a result of this violation, Defendants are not permitted to rely on the "tip credit" to satisfy their minimum wage and overtime obligations under the FLSA and therefore have failed to pay the required minimum wage, pursuant to 29 U.S.C. § 206, and overtime wage, pursuant to 29 U.S.C. § 207. Defendants have also unlawfully retained these tips in violation of the express terms of 29 U.S.C. § 203(m)(2)(B). Plaintiff and those he seeks to represent are therefore entitled to recover the statutory $7.25 per hour minimum wage (and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek) and all unlawfully retained tips, liquidated damages, and all attorneys' fees and costs. 29 U.S.C. § 216(b). Plaintiff asserts these FLSA claims as a collective action, on behalf of himself and all others similarly situated, pursuant to pursuant to 29 U.S.C. § 216(b).

## II.  JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to 29 U.S.C. § 216(b) and they raise a federal question pursuant to 28 U.S.C. § 1331.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because the claims arose in this judicial district.

**III.  PARTIES**

**A.     Plaintiff**

6.     Plaintiff Ferrell is a resident of Indianapolis, Marion County, Indiana.

7.     Plaintiff consents to become a party plaintiff in this action and his signed consent form is attached hereto as Exhibit A.

8.     Defendants employed Plaintiff at multiple Kirby's / Mickey Mantle's Steakhouse locations.

9.     Plaintiff worked at Mickey Mantle's Steakhouse in Oklahoma City, Oklahoma from approximately Fall 2011 until approximately May 2012 when he transferred to Defendants' restaurant located in San Antonio, Texas.

10.    Plaintiff worked at Kirby's Steakhouse in San Antonio, Texas from approximately May 2012 when he transferred from Mickey Mantle's in Oklahoma City, Oklahoma until approximately April 2013.

11.    Most recently, Plaintiff worked at Kirby's Steakhouse in The Woodlands, Texas, which is located in this judicial district, from approximately Fall 2018 until August 2022.

12.    Throughout his employment with Defendants and regardless of restaurant location, Plaintiff worked as a server, receiving hourly wages less than $7.25 per hour plus tips.

**B.     Defendants**

13.    Defendant The Woodlands Kirby's, LLC is a Texas limited liability company.

14.    Defendant The Woodlands Kirby's, LLC is headquartered at 500 N. Central Expressway, Suite 120, Plano, Texas 75074.

15.     Defendant The Woodlands Kirby's, LLC's registered agent is James A. Ingram, who can be served at 6600 LBJ Freeway, Suite 190 Dallas, Texas 75240.

16.     Defendant The Woodlands Kirby's, LLC has at all relevant times been an employer within the meaning of the FLSA.

17.     Defendant Kirby's Steakhouse – The Woodlands, Ltd. is a Texas limited partnership.

18.     Defendant Kirby's Steakhouse – The Woodlands, Ltd. is headquartered at 6600 LBJ Freeway, Suite 190 Dallas, Texas 75240.

19.     Defendant Kirby's Steakhouse – The Woodlands, Ltd.'s registered agent is James A. Ingram, who can be served at 6600 LBJ Freeway, Suite 190 Dallas, Texas 75240.

20.     Defendant Kirby's Steakhouse – The Woodlands, Ltd. has at all relevant times been an employer within the meaning of the FLSA.

21.     Defendant Southlake Kirby's, LLC is a Texas limited liability company.

22.     Defendant Southlake Kirby's, LLC is headquartered at 500 N. Central Expressway, Suite 120, Plano, Texas 75074.

23.     Defendant Southlake Kirby's, LLC's registered agent is James A. Ingram, who can be served at 6600 LBJ Freeway, Suite 190 Dallas, Texas 75240.

24.     Defendant Southlake Kirby's, LLC has at all relevant times been an employer within the meaning of the FLSA.

25.     Defendant Kirby's Steakhouse – Southlake, Ltd. is a Texas limited partnership.

26.      Defendant Kirby's Steakhouse – Southlake, Ltd. is headquartered at 6600 LBJ Freeway, Suite 190 Dallas, Texas 75240.

27.     Defendant Kirby's Steakhouse – Southlake, Ltd.'s registered agent James A.

Ingram who can be served at 6600 LBJ Freeway, Suite 190 Dallas, Texas 75240.

28.     Defendant Kirby's Steakhouse – Southlake, Ltd. has at all relevant times been an employer within the meaning of the FLSA.

29.     Defendant San Antonio Kirby's, LLC is a Texas limited liability company.

30.     Defendant San Antonio Kirby's, LLC is headquartered at 500 N. Central Expressway, Suite 120, Plano, Texas 75074.

31.     Defendant San Antonio Kirby's, LLC's registered agent is Monte S. Hough, who can be served at 500 N. Central Expressway, Suite 120, Plano, Texas 75074.

32.     Defendant San Antonio Kirby's, LLC has at all relevant times been an employer within the meaning of the FLSA.

33.     Defendant Greenville Kirby's LLC is a Texas limited liability company.

34.     Defendant Greenville Kirby's LLC is headquartered at 500 N. Central Expressway, Suite 120, Plano, Texas 75074.

35.     Defendant Greenville Kirby's LLC's registered agent is James A. Ingram, who can be served at 500 N. Central Expressway, Suite 120, Plano, Texas 75074.

36.     Defendant Greenville Kirby's LLC has at all relevant times been an employer within the meaning of the FLSA.

37.     Defendant MMSH-OKC, LLC is a Texas limited liability company.

38.     Defendant MMSH-OKC, LLC is headquartered at 500 N. Central Expressway, Suite 120, Plano, Texas 75074.

39.     Defendant MMSH-OKC, LLC's registered agent is James A. Ingram, who can be served at 6600 LBJ Freeway, Suite 190 Dallas, Texas 75240.

40.     Defendant MMSH-OKC, LLC's address is 7 S. Mickey Mantle Drive, Suite 100,

Oklahoma City, Oklahoma 73104.

41.    Defendant MMSH-OKC, LLC's registered agent in Oklahoma is Billy M. Croll, who can be served at 201 Robert S. Kerr Avenue, Suite 1200, Oklahoma City, Oklahoma 73102.

42.    Defendant MMSH-OKC, LLC has at all relevant times been an employer within the meaning of the FLSA.

43.    Defendant Mickeys & Kirbys LP is an Oklahoma limited partnership.

44.    Defendant Mickeys & Kirbys LP's address is 21444 World Way Drive, Thackerville, Oklahoma 73459.

45.    Defendant Mickeys & Kirbys LP is headquartered at 6600 LBJ Freeway, Suite 190 Dallas, Texas 75240.

46.    Defendant Mickeys & Kirbys LP's registered agent is Billy M. Croll, who can be served at 202 Robert S. Kerr Avenue, 1600 Bank of Oklahoma Plaza, Oklahoma City, Oklahoma 73102.

47.    Defendant Mickeys & Kirbys LP has at all relevant times been an employer within the meaning of the FLSA.

48.    Defendant MK General Partner LLC is an Oklahoma limited liability company.

49.    Defendant MK General Partner LLC is headquartered at 500 N. Central Expressway, Suite 120, Plano, Texas 75074.

50.    Defendant MK General Partner LLC's registered agent is Billy M. Croll, who can be served at 203 Robert S. Kerr Avenue, 1600 Bank of Oklahoma Plaza, Oklahoma City, Oklahoma 73102.

51.    Defendant MK General Partner LLC has at all relevant times been an employer within the meaning of the FLSA.

52.    Defendants are a single enterprise that operates steakhouse restaurants in Texas and Oklahoma.

53.    Defendants' restaurants conduct business as Kirby's Steakhouse (or sometimes Kirby's Prime Steakhouse) and Mickey Mantle's Steakhouse.

54.    Defendants' Kirby's / Mickey Mantle's Steakhouses are located at the following addresses:

    a.   1111 Timberloch Place, The Woodlands, Texas 77380;

    b.   3305 E. Hwy. 114, Southlake, Texas 76092;

    c.   123 N. Loop 1604 E., San Antonio, Texas 78232;

    d.   7 S. Mickey Mantle Drive, Suite 100, Oklahoma City, Oklahoma 73104; and

    e.   21444 World Way Drive, Thackerville, Oklahoma 73459.

55.    Defendants are all owned and operated by the same two individuals, James A. Ingram and Monte Hough, who each occupy one or more roles as members amd directors, and have similar corporate offices to the Defendants identified herein.

56.    Defendants share common headquarters in the state of Texas and reside in Texas.

57.    Defendants share common management.  For example, Joseph Cleveland, has worked at every Kirby's / Mickey Mantle's Steakhouse location as a director of operations.

58.    Defendants operate a common website for their Kirby's / Mickey Mantle's Steakhouse locations.  That website is kirbysteakhouse.com.

59.    Defendants transfer management employees between their Kirby's / Mickey Mantle's Steakhouse locations.

60.    Defendants transfer employees, like Plaintiff, between their Kirby's / Mickey Mantle's Steakhouse locations.

61.    Defendants operate their Kirby's / Mickey Mantle's Steakhouse locations as a single business for a unified business purpose.

62.    Defendants have centrally determined employment policies and / or practices that apply at their Kirby's / Mickey Mantle's Steakhouse locations.

63.    Under the FLSA, "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

64.    Under the FLSA, a "'[p]erson' means an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a).

65.    Defendants are an "organized group of persons" within the meaning of 29 U.S.C. § 203(a) and employ the employees of their Kirby's / Mickey Mantle's Steakhouse locations.

66.    Accordingly, Defendants are an employer of Plaintiff and those he seeks to represent under the FLSA.

67.    Defendants likewise jointly employ these individuals.

## IV.  FACTS

68.    Plaintiff and those he seeks to represent in this action are current and former employees of Defendants at their Kirby's Steakhouse / Mickey Mantle's Steakhouse restaurant locations, who earned less than $7.25 per hour and received customer tips ("Tipped Employees").

69.    Defendants pay Plaintiff and other Tipped Employees an hourly wage below $7.25.

70.    Defendants purport to utilize a tip credit for each hour worked by Plaintiff and other Tipped Employees to comply with the FLSA's required minimum wage of $7.25 per hour

(and $10.88 per overtime hour). *See* 29 U.S.C. §§ 203(m), 206, 207.

71.    Defendants have a policy and / or practice of requiring Plaintiff and other Tipped Employees to contribute a portion of the tips they receive from customers to other employees.

72.    The individuals who receive a portion of the tips include management employees who act in the capacity of and perform the duties of a Sommelier.

73.    Defendants knew or should have known that their compensation practices and / or policies for Tipped Employees violates the FLSA.

74.    Defendants willfully violated the FLSA by having a policy and / or practice that required their Tipped Employees to share their earned tips with Defendants' management employees.

## V.  COLLECTIVE ACTION ALLEGATIONS

75.    Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees:

> All current and former Tipped Employees (as defined herein) of Defendants at their Kirby's Steakhouse / Mickey Mantle's Steakhouse restaurant locations at any time since September 23, 2019.

(the "Collective Class").

76.    Plaintiff's FLSA claims should proceed collectively because Plaintiff and the Collective Class worked pursuant to the common policies and / or practices described herein. Accordingly, Plaintiff and Tipped Employees are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## VI.  CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA

77.    All previous paragraphs are incorporated as though fully set forth herein.

78.    Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

79.    Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

80.    Defendants are an employer covered by the FLSA.

81.    The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

82.    While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

83.    The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

84.    Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R. §§ 531.54, 531.59.

85.    Here, by unlawfully keeping employees' tips and permitting management and supervisors to keep employees' tips, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

86.    As such, Defendants have violated the FLSA by failing to pay Plaintiff and the members of the Collective Class for all time worked at $7.25 per hour.

87.    Plaintiff and members of the Collective Class are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses,

10

pursuant to 29 U.S.C. § 216(b).

88.     In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT II:**
**VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA**

89.     All previous paragraphs are incorporated as though fully set forth herein.

90.     Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

91.     Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

92.     Defendants are an employer covered by the FLSA.

93.     The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

94.     Plaintiff and members of the Collective Class employed by Defendants have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

95.     While employers may utilize a tip credit to satisfy their overtime obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

96.     The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

97.     Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R.

§§ 531.54, 531.59.

98.    Here, by unlawfully keeping employees' tips and permitting management and supervisors to keep employees' tips, Defendants have forfeited their right to utilize the tip credit in satisfying their overtime obligations.

99.    As such, Defendants have violated the FLSA by failing to pay Plaintiff and members of the Collective Class for all time worked in excess of 40 hours in a workweek at $10.88 per hour.

100.    Plaintiff and members of the Collective Class are entitled to recover all unpaid overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

101.    In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT III:
## UNLAWFUL RETENTION OF TIPS UNDER THE FLSA

102.    All previous paragraphs are incorporated as though fully set forth herein.

103.    Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

104.    Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

105.    Defendants are an employer covered by the FLSA.

106.    The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

107.    Defendants have violated this provision by keeping tips received by Plaintiff and

members of the Collective Class and by allowing managers and supervisors to keep a portion of those tips.

108.    Plaintiff and members of the Collective Class are entitled to recover these unlawfully retained tips, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

109.    In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to members of the Collective Class;

C.    A finding that Defendants have violated the FLSA;

D.    A finding that Defendants' FLSA violations are willful and not in good faith;

E.    A judgment against Defendants and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages and tips that Defendants have failed and refused to pay in violation of the FLSA;

F.    Prejudgment and post-judgment interest to the fullest extent permitted under the law;

G.    Liquidated damages to the fullest extent permitted under the FLSA;

H.    Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent

permitted under the FLSA and the Federal Rules of Civil Procedure; and,

I.      Such other and further relief as this Court deems just and proper in equity and under the law.

## VIII.  JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: September 29, 2022                    Respectfully submitted,

/s/ Don J. Foty_____
**DON J. FOTY**
HODGES & FOTY, LLP
Texas Bar No. 24050022
Fed. Id. 711552
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
Email: dfoty@hftrialfirm.com

**DAVID W. GARRISON (TN Bar No. 24968)***
**JOSHUA A. FRANK (TN Bar No. 33294)***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Pro hac vice* motion forthcoming

*Attorney for Plaintiff*